UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| BACKOFF, LLC and NUTEC, INC., | |
| *Plaintiffs,* | DISTRICT JUDGE - UNASSIGNED |
| v. | MAGISTRATE JUDGE KAY |
| SAMOCO OIL TOOLS, INC., | CIVIL ACTION NO. 2:18-CV-00494 |
| *Defendant.* | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, Samoco Oil Tools, Inc. ("Defendant" or "Samoco"), through undersigned counsel, respectfully submits this "*Reply Memorandum In Support of Motion to Dismiss*" requesting that the Court grant its Motion to Dismiss the declaratory judgment action filed by Plaintiffs, Backoff, LLC and NuTec, Inc., due to lack of subject matter jurisdiction over the asserted claims, lack of personal jurisdiction over Samoco, and for failure to state a claim upon which relief can be granted, with prejudice.

Defendant's Reply Memorandum responds only to the issues discussed in Plaintiffs' memorandum in opposition to Defendant's Motion to Dismiss. (R.Doc. 15). For the reasons addressed below, and as more fully set forth in the memorandum in support of Defendant's Motion to Dismiss (R.Doc. 11-2), Plaintiffs' arguments are without merit and dismissal is warranted.

**I.    THIS CASE SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION, AS THERE IS NO "CASE OR CONTROVERSY" UNDER THE DECLARATORY JUDGMENT ACT, 28 U.S.C. §2201**

A case or controversy under the Declaratory Judgment Act, 28 U.S.C. §2201, must be based on a real and immediate injury or threat of future injury that is caused by the declaratory judgment defendant. *Prasco, LLC v. Medicis Pharm. Corp.,* 537 F.3d 1329, 1339 (Fed. Cir. 2008). In their opposition memorandum, Plaintiffs desperately attempt to manufacture a case or controversy by alleging that a single introductory meeting between the parties – at Plaintiffs' request – somehow created "an implied threat." (R.Doc. 15, p. 8, ¶4). Although Plaintiffs cannot produce a shred of evidence that supports any reasonable belief of "an implied threat," the issue of whether there is a real and immediate injury or threat is an objective standard that cannot be met by a purely subjective or speculative fear of future harm. *Prasco at 1339.*

In response to this motion, Plaintiffs now for the first time allege that somehow Defendant created a justiciable case or controversy by attempting to coerce NuTec into a merger, joint-venture or licensing agreement "in order for NuTec to continue its business." (R.Doc. 15, p. 2, ¶1). Plaintiffs cannot produce a single document or even a self-serving declaration that remotely substantiates that Samoco ever presented an ultimatum of a joint arrangement in order for NuTec "to continue its business." As fully explained in Defendant's memorandum in support of this motion, there is not a shred of evidence that even implies that Samoco attempted to coerce any party into a license for any reason, much less "in order for NuTec to continue its business." The assertions of a real and immediate threat are completely without any evidentiary support whatsoever.

For example, Plaintiffs cite paragraphs 41-43 of the original complaint to substantiate their allegations that somehow Samoco insisted on a license in order for NuTec "to continue its

business." (R.Doc. 15, p. 2, ¶1; fn. 4). Not only is the assertion demonstrably false, Plaintiffs own statements in the complaint merely provide:

> 41. During the aforementioned December 13, 2017 meeting, Michael Jeremy Hellail, the Chief Executive Officer of Samoco, and other representatives of Defendant, asserted its Samoco Patent against Plaintiffs, contending the coverage of the Samoco Patent over the Samoco Tool and other similar BOP test tools, including the BOP test tools of NuTec, and the alleged validity and enforceability of the Samoco Patent.
>
> 42. During said meeting, Defendant's representatives expressed their desire and intent of a joint-venture, complete or partial merger, and/or licensing agreement between Plaintiffs, particularly NuTec, and Defendant, based solely upon the Samoco Tool and Samoco Patent.
>
> 43. Defendant, through the marketing and selling of its Samoco Tool, is attempting to capture a significant market share in the BOP test tool market, particularly in relation to fulfilling tests of BOPs in a single trip. In doing so, Defendant is attempting to coerce Plaintiffs into a joint-venture, complete or partial merger, and/or licensing agreement with Defendant by asserting the Samoco Patent against Plaintiffs.

(R.Doc. 1).

The Plaintiffs' complaint does not allege any threat to Plaintiffs' right "to continue its business," but instead vaguely contends that Samoco somehow attempted to coerce an agreement by "asserting" its patent and alleging that it is valid and enforceable. Plaintiffs now claim its right to continue its business was somehow threatened, with no support whatsoever, in a desperate attempt to defeat this motion. Plaintiffs cannot establish the requisite case or controversy by simply making unsubstantiated and unsustainable statements in a memorandum that have no evidentiary support whatsoever.

Plaintiffs also argue that *Porter v. Jones*, 312 F. 3d. 483, 494 (5th Cir. 2003) somehow limits their burden to simply complying with the notice requirements of Fed. R. Civ. P. 8(a)(2). (Rec. Doc. 15, p. 4, ¶3). However, *Porter* did not remotely deal with subject matter jurisdiction, a declaratory judgment action or an implied threat of litigation. Conversely, the case purely

3

addressed a 12(b)(6) motion to dismiss for failure to state a claim and is therefore inapplicable to the issue here. Plaintiffs are conflating the standard for pleading with sufficient detail to withstand a 12(b)(6) motion to dismiss and the additional and independent burden to establish a case or controversy based upon objective evidence. Irrespective of their burden under Fed. R. Civ. P. 8(a)(2), Plaintiffs still bear the burden of establishing a case or controversy under the Declaratory Judgment Act and cannot do so here. Plaintiffs do not escape such burden by simply complying with the notice requirements of Fed. R. Civ. P. 8(a)(2).

Plaintiffs also cite several other cases that purportedly obviate a showing of a specific threat of harm in order to establish a case or controversy. However, none of these cases remotely suggest that an unreasonable, subjective belief in a threat creates a case or controversy, but instead clearly establish the opposite. For example, in *ABB, Inc. v. Cooper Industries, LLC,* 635 F. 3d 1345, 1348 (Fed. Cir. 2011), the appellate court found subject matter jurisdiction, noting that "Cooper stated that it will act vigorously to protect its rights." *Id.* at. 1348. There is no single statement of record herein by a representative of either party that Samoco ever stated that it may or will take any type of action whatsoever, or that it would even considering enforcing its patent rights. The parties simply had a single amicable meeting with cordial discussions thereafter. If simply meeting to discuss a patent or the technology it covers were to create "an implied threat," then all patentees would be exposed to relentless and unlimited attacks on their patents simply because they exist.

Plaintiffs assert that *BP Chemicals, Ltd. v. Union Carbide Corp.*, 4 F. 3d 975 (Fed. Cir. 1993) requires only a showing of an indirect threat that places a declaratory judgment in reasonable apprehension of a lawsuit. (Rec. Doc. 15, p. 5, ¶2). Actually, the case is particularly applicable here because the court determined that there was no case or controversy simply because the parties "felt threatened." The court noted that "a subjective apprehension is insufficient without *objective*

*substance*." Id. at. 979, citing *International Medical Prosthetics Research Assocs., Inc. v. Gore Enter. Holdings, Inc.,* 787 F.2d 572, 575, 229 USPQ 278, 281 (Fed.Cir.1986)(emphasis added). The court determined that the suit was brought, not in response to an actual threat or real apprehension of suit, but as a marketing strategy. *Id.* at. 980. Likewise, in this matter, Plaintiffs only allege "an implied threat," which is completely unsustainable under the circumstances of this case. The evidence of record clearly establishes that the parties merely participated in an introductory meeting arranged by a third party and continued cordial negotiations thereafter. Such a meeting and the communications before, during, and after do not remotely suggest "an implied threat" and therefore are woefully insufficient to establish a case or controversy. As in *BP Chemicals*, Plaintiffs are now relying upon a subjective apprehension of suit without any objective evidence whatsoever, when in fact they only filed this suit as a business tactic, presumably seeking an advisory opinion that would allow them to freely infringe Samoco's patent.

Plaintiffs' reliance upon *Lang v. Pacific Marine & Supply Co*, *Ltd.,* 895 F. 2d 761, 763 (Fed. Cir. 1990) as supporting an inalienable right to file a declaratory judgment action merely to determine prospective infringement is likewise misplaced. (Rec. Doc. 15, p. 6, ¶3). Unlike this matter, *Lang* involved a patent holder and licensee who filed a declaratory action against a competitor to assess what they alleged was impending infringement. The case did not involve a party simply attacking an existing patent without a real threat of actual harm. Regardless, the court dismissed the claim for lack of subject matter jurisdiction because the anticipated infringing device was nowhere near completion, and the plaintiffs had not engaged in any other type of activity that remotely suggested it would be completed anytime soon. Therefore, the prospective infringement did not pose an *immediate* threat.

5

In this matter, the burden is on the Plaintiffs to establish the existence of a justiciable case or controversy. *Danisco U.S. Inc. v. Novozymes A/S,* 744 F.3d 1325, 1329 (Fed. Cir. 2014). In spite of such burden, Plaintiffs have only offered conclusory statements without any evidentiary support that, even if accepted as true, represent at best a completely unreasonable, subjective apprehension of litigation. As the cases cited by Plaintiffs clearly indicate, "feeling" threatened without objective evidence is insufficient to establish a case or controversy.

Furthermore, the documentary evidence of record clearly establishes that only a single preliminary meeting between the parties occurred on December 13, 2017. And, the parties were mutually interested in pursuing a joint venture well-after the meeting. Plaintiffs have not alleged any hostile or affirmative activity on the part of Defendant and do not describe or show any explicit or implied threat in their vague complaint; instead, Plaintiffs have merely demonstrated that the parties met to discuss a potential partnership and that somehow such meeting constitutes an assertion of patent rights or creates an implied threat of injury. No reasonable person could possibly conclude that a single meeting to amicably discuss a merger or license could possibly represent or imply a threat of actual harm. Plaintiffs are simply claiming that there was "an implied threat" in order to obtain an advisory opinion that authorizes them to copy the patented subject matter. And, Plaintiffs' self-serving statements do not establish a justiciable controversy but, at most, simply reveal a subjective, unreasonably paranoid belief that the mere existence of Samoco's patent somehow poses a threat. However, a subjective, irrational fear of injury does not create the type of case or controversy necessary to establish this Court's subject matter jurisdiction. In essence, Plaintiffs are asking the Court to impose subject matter jurisdiction simply because Defendant was issued a patent. Therefore, Plaintiffs have not remotely sustained their burden to show that an actual case or controversy exists so as to establish subject matter jurisdiction.

6

## II. THIS CASE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

Next, Plaintiffs argue that Samoco is subject to both specific and general jurisdiction in Louisiana. These arguments are without merit, however, as Plaintiffs cannot show that their claims arose from any specific contacts with Louisiana, nor can they show that Samoco engaged in "continuous and systematic" contacts with Louisiana.

Plaintiffs first argue that Samoco is subject to specific jurisdiction in Louisiana because they perceived "implied threats" of patent litigation at the parties' meeting in Lake Charles and that it was "that meeting alone which creates the specific contact in Louisiana necessary for specific jurisdiction to attach." (R.Doc. 15, p. 12). However, as previously discussed, *supra*, Plaintiffs' *perception* of an "implied threat" is clearly insufficient under controlling Federal Circuit law to establish a "case or controversy." Because Plaintiffs cannot show that any of their claims "arise out of or relate to" the limited Louisiana contacts present in this case, Plaintiffs cannot show that Samoco is subject to specific jurisdiction here. Moreover, Plaintiffs' claim that they had perceived an "implied threat" of litigation is merely unsupported argument from counsel, as this allegation is wholly absent from the Complaint. In fact, Brian Williams, manager of Backoff LLC who was present at the parties' meeting, submitted an affidavit in opposition to the instant motion. Nowhere in this affidavit does Mr. Williams contend that he perceived Samoco to have made any "implied threats" at all. Consequently, the uncontested record before this Court is that no such threats were made.

Plaintiffs then attempt to fall back on a dubious assertion that Samoco is subject to general jurisdiction in Louisiana due to alleged "continuous and systematic" contacts with this state that "approximate physical presence" here. *See, e.g., Autogenomics, Inc. v. Oxford Gene Tech. Ltd,* 566 F.3d 1012, 1017 (Fed. Cir. 2009). Specifically, Plaintiffs allege that during the parties'

7

meeting in Lake Charles, "[Samoco's] CEO, MJ Hellail, specifically stated that it had done business with Ray Oil, which is located in and operates out of Broussard, Louisiana." (R.Doc. 15, p. 9). For its part, Samoco has already submitted a sworn declaration from Mr. Hellail that expressly states that Samoco "does not do and has never done business in Louisina." (R.Doc. 11-2, p. 3). If this were somehow insufficient, Ray Oil Tools Co. itself has also confirmed that it "has no record of doing business with Samoco Oil Tools, Inc." (Ex. A, Declaration of Raymond Mikolajczyk, Vice-President of Ray Oil Tool Co.). Consequently, Plaintiffs have failed to make a *prima facie* showing that Samoco has done *any* business in Louisiana, much less that Samoco has engaged in "continuous and systematic" contacts with this state which would serve to "approximate physical presence" here.

Accordingly, because Samoco is not subject to either "general" or "specific" personal jurisdiction, Plaintiffs' Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

### III. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Lastly, Plaintiffs' arguments against dismissal for failure to state a claim do not squarely address the arguments raised in Samoco's Motion to Dismiss. For these reasons, Plaintiffs complaint should be dismissed for failure to state a claim upon which relief may be granted.

Samoco's Motion to Dismiss correctly asserts that Plaintiffs' Complaint neither alleges specific threats of patent infringement nor seeks a declaration of non-infringement with respect to their own patents. (R.Doc. 11-1, p. 18). Consequently, "Plaintiffs have not demonstrated adequate standing to bring the instant claims." *Id.* (citing *Camsoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 756 F.3d 327, 332 (5th Cir. 2014) (holding that, to the extent statutory standing was lacking, the federal claims should have been dismissed under Rule 12(b)(6) rather than for lack of

jurisdiction)). Plaintiffs' Opposition does not address this clear lack of standing and instead ignores the argument entirely.

Samoco's Motion to Dismiss next notes that "Plaintiffs' Complaint does little more than cite generally to the patent statute, and asserts, without elaboration, that 'each claim of the Samoco Patent is invalid in view of prior art references and/or the knowledge of a person of ordinary skill in the art, and/or for failure to comply with the provisions of 35 U.S.C. § 112.'" (R.Doc. 1, ¶ 58). Plaintiffs' Opposition fails to counter this argument, instead citing this same language and then summarily concluding that "claims 1 through 12 of the Samoco Patent are each anticipated by Backoff's '312 Patent," "the claims of the Samoco Patent are not novel," and "obviousness of the claims would invalidate the Samoco Patent." But Plaintiffs once again fail to show any details for these allegations in the Complaint, i.e., *which* prior art references serve to invalidate Samoco's patent and/or *how* Samoco supposedly failed to comply with 35 U.S.C. § 112. Instead, Plaintiffs rest on general averments that simply do not satisfy the requirements of *Twombly* and *Iqbal*. *See Memory Control Enterprise, LLC v. Edmunds.com, Inc.,* No. CV 11-7658, 2012 WL 681765, at *3 (C.D. Cal. Feb. 8, 2012) ("Merely reciting possible ways that a patent can be held invalid, stated in such a conclusory manner, with absolutely no facts supporting it, hardly provides fair notice to Plaintiff. Further, Defendant identifies no subsections in either its counterclaim or its affirmative defense."); *Ferring, B.V. v. Watson Labs., Inc.,* Civ. Nos. 3:11-cv-481, 3:11-cv-485, 3:11-cv-853 & 3:11-cv-854, 2012 WL 607539, at *3 (D. Nev. Feb. 24, 2012) (dismissing counterclaims reciting "35 U.S.C. §§ 101, 102, 103 and/or 112" because "they do not include any facts whatsoever making invalidity plausible as required by Rule 8(a)").

For the foregoing reasons, Plaintiffs' claims should be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

WHEREFORE, Samoco Oil Tools, Inc. prays that this Honorable Court enter an order dismissing the instant declaratory judgment lawsuit on the grounds that the Court lacks subject matter jurisdiction, the Court lacks personal jurisdiction over Samoco, and/or on the basis that the claims and allegations in the Complaint fail to state a claim upon which relief can be granted.

Respectfully Submitted:

*/s/ Brad E. Harrigan*
Brad E. Harrigan (La. Bar No. 29592) (T.A.)
Kenneth L. Tolar (Bar No. 22641)
TOLAR HARRIGAN & MORRIS LLC
1055 St. Charles Avenue, Suite 208
New Orleans, Louisiana  70130
Telephone:  (504) 571-5317
**ATTORNEYS FOR DEFENDANT,
SAMOCO OIL TOOLS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2018, a copy of the foregoing was served upon all known counsel of record via the Court's CM/ECF filing system and or electronic mail.

*/s/ Brad E. Harrigan*
Brad E. Harrigan (La. Bar No. 29592) (T.A.)