UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BACKOFF LLC, ET AL.** | : | **DOCKET NO. 2:18-cv-0494** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **SAMOCO OIL TOOLS, INC.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss [doc. 11] filed pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure by defendant Samoco Oil Tools, Inc. ("Samoco"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

I.
BACKGROUND

This motion arises from a complaint filed by Backoff, LLC ("Backoff") and NuTec, Inc. ("NuTec") (collectively, "plaintiffs") in this court, seeking a declaratory judgment of patent invalidity and unenforceability against a patent owned by defendant Samoco. Doc. 1.

Plaintiffs allege that Backoff is the sole owner of all rights, title, and interest of its intellectual property, which includes three patents (the '312 Patent, the '771 Patent, and the '082 Patent) issued by the United States Patent and Trademark Office ("USPTO"), and the rights of which relate back to the filing date (February 3, 2015) of the '312 patent application, on which the subsequently issued patents claimed their priority. *Id.* at pp. 4–7, ¶¶ 12–35. They also assert that NuTec is the exclusive licensee of all rights, title, and interest in and arising from these patents.

*Id.* Patents '312 and '771 are entitled "Blowout Preventer Test ["BOP"] Joint Assembly for Testing Variable Bore Rams, Shear Rams, and Annulars," while Patent '082 is "Blowout-Preventer-Stack One-Trip Test Tool and Method."[1] Doc. 1, atts. 4, 7, 10.

On December 12, 2017, the USPTO issued a patent ("Samoco Patent") to Samoco, a Texas corporation, for "Blowout Preventer (BOP) Test Tool and Methods," pursuant to a non-provisional application filed on November 4, 2016. Doc. 1, att. 1; *see* doc. 1, p. 2, ¶ 4 (identifying Samoco's citizenship).  Plaintiffs claim that, through this application, Samoco claimed "a certain BOP test tool well-known in the prior art." Doc. 1, pp. 7–8, ¶ 36. One day after the Samoco Patent was issued, representatives of the parties met in Lake Charles, Louisiana, at Samoco's request. Doc. 1, p. 8, ¶ 37. There, plaintiffs allege, Samoco advertised a lineup of products ("Samoco Tool") that enable the testing of BOP with only one trip into a wellbore. *Id.* at p. 8, ¶¶ 37–40. According to plaintiffs, Samoco's representatives, including its CEO MJ Hellail, "asserted [the Samoco Patent] against Plaintiffs, contending [that] the coverage of the Samoco Patent over the Samoco Tool and other BOP test tools, including the BOP test tools of NuTec." *Id.* at pp. 8–9, ¶ 41. Plaintiffs also allege that Samoco representatives expressed a desire to go into business with defendants based solely on the Samoco Tool and Samoco Patent. *Id.* at p. 9, ¶ 42. Plaintiffs maintain that Samoco, through the marketing or selling of the Samoco Tool,

> is attempting to capture a significant market share in the BOP test tool market, particularly in relation to fulfilling tests of BOPs in a single trip. In doing so, [Samoco] is attempting to coerce Plaintiffs into a joint-venture, complete or partial merger, and/or licensing agreement with [Samoco] by asserting the Samoco Patent against Plaintiffs.

---

[1] As another district court recently explained, the blowout preventer is used in offshore drilling to prevent the uncontrollable escape of oil and gas from the well. *Transocean Offshore Deepwater Drilling, Inc. v. Pacific Drilling, Inc.*, 2015 WL 3422410, at *3 (S.D. Tex. May 27, 2015).

*Id.* at p. 9, ¶ 43. Plaintiffs further contend that Samoco's actions in relation to its patent "place a cloud of uncertainty and doubt over the practices of Plaintiffs, which will persist absent a resolution . . . determining the validity or invalidity of the Samoco Patent." *Id.* at p. 9, ¶ 44. They therefore seek a declaratory judgment to that effect in order to ascertain their rights under the Samoco Patent in the face of their "reasonabl[e] apprehen[sion]" that Samoco "may further assert [its patent] against" them. *Id.* at pp. 10–11, ¶¶ 56–63.

Samoco now brings the instant motion to dismiss, alleging that (1) the court lacks subject matter jurisdiction because the plaintiffs have not shown that a sufficient controversy exists; (2) the court lacks personal jurisdiction over Samoco; and (3) plaintiffs' complaint fails to state a claim on which relief can be granted. Doc. 11. Plaintiffs oppose the motion and Samoco has filed a reply. Docs. 15, 20. Accordingly, the matter is now ripe for decision.

## II.
## LAW & ANALYSIS

The court considers a jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Furthermore, federal courts are "duty bound to examine the basis of subject matter jurisdiction sua sponte" and to dismiss the action if they determine at any time that they lack subject matter jurisdiction. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008); Fed. R. Civ. P. 12(h)(3). Accordingly, we first consider Samoco's arguments raised against subject matter jurisdiction.

### A. *Rule 12(b)(1) Standard*

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed

facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, court accepts all well-pleaded allegations in the complaint as true and construes those allegations in a light most favorable to the plaintiff. *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997); *Pike v. Office of Alcohol and Tobacco Control of the La. Dep't of Rev.*, 157 F.Supp.3d 523, 533 (M.D. La. 2015).

The court is not required to show such deference when resolving factual attacks, however. "On a factual attack of subject matter jurisdiction, a court's power to make findings of fact and to weigh the evidence depends on whether the . . . attack . . . also implicates the merits of plaintiff's cause of action." *Taylor v. Dam*, 244 F.Supp.2d 747, 753 (S.D. Tex. 2003) (quoting *Garcia*, 104 F.3d at 1261). Where the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's case,

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* at 753–54 (quoting *Garcia*, 104 F.3d at 1261).

   **B. Application**

      ***1. Establishment of subject matter jurisdiction under the Declaratory Judgment Act***

The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, allows that, "[i]n a case of actual controversy within its jurisdiction," a federal court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Accordingly, the act "creates a remedy, not an independent source of subject-

matter jurisdiction" and a court's jurisdiction over a request for declaratory relief depends on the existence of an "actual case or controversy." *Sandoz, Inc. v. Amgen, Inc.*, 773 F.3d 1274, 1277 (Fed. Cir. 2014) (internal citation omitted). The plaintiff must establish that this requirement was satisfied at the time the complaint was filed; "post-filing conduct is not relevant." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

In a patent dispute, the court looks to all circumstances to determine if the plaintiff states a claim of sufficient "immediacy and reality" to warrant declaratory relief. *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 771 (2007). A dispute does not give rise to subject matter jurisdiction unless it is "definite and concrete, touching the legal relations of the parties having adverse legal interests, real and substantial, and admit[s] of specific relief through a degree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1376 (Fed. Cir. 2012) (cleaned up) (quoting *MedImmune*, 127 S.Ct. at 771).

2.  ***Existence of a controversy in this matter***

In their complaint, as detailed above, plaintiffs allege that Samoco CEO MJ Hellail "asserted [the] Samoco Patent against Plaintiffs, contending the coverage of the Samoco Patent over the Samoco Tool and other similar BOP test tools, including the BOP test tools of NuTec, and the alleged validity and enforceability of the Samoco patent." Doc. 1, pp. 8–9, ¶ 41. Accordingly, they maintain, Samoco made an indirect threat of enforcement of its patent against NuTec unless NuTec agreed to merge with or enter a joint venture with Samoco, "despite NuTec's exclusive license of Backoff's intellectual property." Doc. 15, p. 11. Plaintiffs maintain that these actions have "place[d] a cloud of uncertainty and doubt over [their] practices" which will persist absent a resolution "determining the validity or invalidity of the Samoco Patent." Doc. 1, p. 9, ¶

44. Meanwhile, Samoco maintains that these allegations do not show any hostile or affirmative activity or any kind of threat relating to its patent. Doc. 11, att. 1, pp. 10–15. The parties contest the character of their interactions and have submitted exhibits relating to the December 13, 2017, meeting and their communications thereafter. This portion of the motion represents a factual challenge to the existence of subject matter jurisdiction. Because the existence of a case or controversy does not implicate the merits of plaintiffs' request for declaratory relief, we exercise our authority to weigh the evidence submitted in determining if subject matter jurisdiction exists.

Email exchanges and an affidavit provided by Samoco show that the meeting was arranged, at Samoco's behest, by Jay Tchamanzar of Aldwych Capital, a mergers and acquisitions advisory firm. Doc. 11, att. 2, p. 2, ¶¶ 5–6; doc. 11, att. 3. Plaintiffs attach to the complaint a copy of the PowerPoint presentation shared by Samoco at the meeting. Doc. 1, att. 11; *see* doc. 1, p. 8, ¶ 37. In that presentation Samoco highlights a BOP one trip testing tool from its product line-up and identifies plaintiff NuTec as its competitor in that field. Doc. 1, att. 11, pp. 10–13. It also emphasizes its role as a leader in BOP technology in its marketing and growth strategy. *Id.* at 15. After the meeting, according to correspondence provided by Samoco, NuTec representatives corresponded with Tchamanzar and expressed an interest in NuTec acquiring Samoco's assets, primarily relating to the Samoco tool.[2] Doc. 11, atts. 4 & 5.

Samoco provides an affidavit from its CEO MJ Hellail, who concedes that Samoco initiated the meeting based on its interest in "entering to a merger, joint venture, or outright sale of its assets relative to the patented BOP testing tool." Doc. 11, att. 2, p. 2, ¶ 5. Hellail avers that he "was

---

[2] The only reference to the Samoco Patent in this correspondence comes from Terrell Williams of NuTec, Inc. *See* doc. 11, att. 4, p. 3. In a letter to the Aldwych Capital representative on January 25, 2018, he expressed interest in NuTec "obtain[in] the assets of Samoco" and added that, according to his understanding, "all the equipment offered for sale is in the public domain and/or covered by your patent application that was filed in the Patent Office, U.S. Application No. 15/343,467." *Id.*; *see* doc. 1, att. 1, p. 2 (Samoco Patent, providing application number).

unaware that NuTec and/or Backoff already had developed or were interested in developing technology of their own that employed a similar mechanism to Samoco's patented technology to perform BOP testing in a single trip," until this suit was filed. *Id.* at p. 2, ¶ 8. Hellail also maintains that the meeting was "brief, cordial, [and] informal," and that no Samoco representative ever stated or implied, during the meeting or thereafter, that NuTec or Backoff was infringing on the Samoco Patent. *Id.* at p. 2, ¶¶ 8–9.

"To establish the existence of a 'definite and concrete' dispute, more is required than 'a communication from a patent owner to another party, merely identifying its patent and the other party's product line.'" *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1378–79 (Fed. Cir. 2012) (quoting *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009)). As Samoco notes, subject matter jurisdiction is typically supported by "clear[], hostile action related to the patent at issue." *Idenix Pharmaceuticals, Inc. v. Gilead Sciences, Inc.*, 2014 WL 4222902, at *4 (D. Del. Aug. 25, 2014). However, a "declaratory judgment action cannot be defeated simply by the stratagem of [avoiding] magic words such as 'litigation' or 'infringement.'" *Hewlett-Packard Co.*, 587 F.3d at 1362. Instead the court may look to other circumstances, including "meaningful preparation to conduct potentially infringing activity," "refusal to grant . . . a covenant not to sue," and "the nature and extent of any communications between the declaratory plaintiff and the patentee related to infringement." *Indus. Models, Inc. v. SNF, Inc.*, 716 Fed. App'x 949, 953–54 (Fed. Cir. 2017) (unpublished) (internal quotations omitted).

Hellail's affidavit is persuasive evidence of the lack of any hostile conduct or communications relating to the Samoco Patent in this matter. While we recognize the difficulty of proving that a fact was known to a party, the plaintiffs could have attempted to counter Hellail's statements with evidence of the entities' prior dealings and/or evidence of general awareness of

plaintiffs' patents within their industry. Instead they rely on the conclusory assertions in their complaint, an affidavit [doc. 15, att. 1] from Backoff manager Brian Williams which relates only to the personal jurisdiction issues,[3] and Samoco's presentation materials. None of these serves to rebut Hellail's statements, or otherwise shows that Samoco "asserted" its patent in a manner hostile to plaintiffs' interests before this suit was filed. Likewise, the records of the parties' communications after the December 13 meeting betray no sign of a threat of enforcement of the Samoco patent against plaintiffs. The only facts established here – that Samoco was aware that NuTec was a competitor in the area of BOP tool development and sought to draw NuTec's attention to its own new product and patent – are insufficient to show that there was a "definite and concrete" dispute between the parties at the time the complaint was filed. Plaintiffs have not shown that the alleged dispute is "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," *MedImmune*, 127 S.Ct. at 771, and so the court lacks subject matter jurisdiction over their petition for declaratory relief.[4] Accordingly, we need not consider the other grounds for dismissal.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 11] be **GRANTED** and that this suit be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

---

[3] The plaintiffs have also sought leave to file a sur-reply, with an attached affidavit from Brian Williams. Doc. 21. Both the proposed memorandum and the second Williams affidavit only address the motion to dismiss for lack of personal jurisdiction. *See* doc. 21, atts. 1 & 2.

[4] Plaintiffs request the opportunity to amend their complaint before dismissal is granted, if their allegations are found to be deficient. Doc. 15, p. 7. However, it is plaintiffs' failure to substantiate their allegations/rebut Samoco's showing rather than the sufficiency of the complaint that justifies a grant of the defendant's motion in this case. Additionally, this recommendation is for dismissal without prejudice and plaintiffs may refile if they uncover better grounds for establishing subject matter jurisdiction. Accordingly, we see no basis for delaying ruling to await an amended complaint.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 30th day of August, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE